UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES EDWARD SHROPSHIRE-El, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DR. EKE KALU and DR. JAFFRI., )<br>)<br>Defendants. ) | 2:05-cv-074-RLY-WGH |

**Entry Discussing Motions for Temporary
Restraining Order and for Preliminary Injunction**

**I.**

The plaintiff's motion for temporary restraining order filed on August 23, 2005, is **denied as superseded** by his motion for preliminary injunction filed the same day.

**II.**

Plaintiff James Edward Shropshire-El, who is currently incarcerated at the Wabash Valley Correctional Facility, brings this suit under 42 U.S.C. § 1983, alleging that prison and state employees have been deliberately indifferent to his serious medical needs. Shropshire-El alleges that he has been diagnosed with Hepatitus C and with cirrhosis of the liver, related to the Hepatitis C. He alleges in his complaint that he has been given no treatment for these conditions and that his symptoms are pain, mental stress, muscle atrophy, problems with sleeping, poor circulation in his extremities, loss of memory, and fatigue.

The Eighth Amendment requires the government " 'to provide medical care for those whom it is punishing by incarceration.'" *Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Several months after the suit was filed, Shropshire-El filed a motion for preliminary injunction, which he then supplemented, seeking treatment for his conditions. As the papers associated with that motion show, however, he has in fact received extensive testing, counseling and treatment opportunities for his conditions. The facts that he has not received a pre-transplant evaluation or placed on a transplant list do not indicate the denial of medical care required by the Constitution.

A party seeking a preliminary injunction must demonstrate, among other things, that it has a reasonable likelihood of success on the merits of the underlying claim. *AM Gen. Corp. v. DaimlerChrysler Corp.,* 311 F.3d 796, 803-04 (7th Cir. 2002). If the party seeking the injunction cannot establish such a likelihood, the court ends its inquiry and denies the request. *See id.*

Shropshire has not shown a reasonable likelihood of success on the merits in this case because he seeks to dictate the medical treatment of his choice, though the Constitution does not entitle him to that treatment, *see Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997), and because any Eighth Amendment concern is alleviated by the willingness of prison authorities to proceed with treatment of Shropshire-El's conditions if he qualifies for treatment through discontinuation of alcohol abuse combined with test results warranting that treatment. It is noted in the medical records of Shropshire-El, that the medications he seeks could be counter-productive if he is involved in substance abuse. Prison staff are fully alert to the diagnosis of Shropshire-El's condition and are not unreasonably withholding treatment or other measures required by the Constitution. Accordingly, the plaintiff's motion for a preliminary injunction is **denied.** The request for injunctive relief is also moot as to defendant Dr. Eke Kalu, who is no longer a medical provider for the plaintiff or in the chain of decision makers regarding the medical care which is available to the plaintiff.

**IT IS SO ORDERED.**

Date: 01/12/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Edward Shropshire-el, DOC # 912733
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838-1111

Andrew Ryzard Bloch
ZEIGLER COHEN & KOCH
abloch@zcklaw.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com